UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KEVIN JAMES KOHUTE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 25-10086-BEM |
| ) | |
| **HARVARD LAW SCHOOL,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**MURPHY, J.**

*Pro se* plaintiff Kevin Kohute, who resides in Texas, has filed a complaint against Harvard Law School, Dkt. 1, and a motion for leave to proceed *in forma pauperis*, Dkt. 2. For the reasons set forth below, the Court will deny the *in forma pauperis* motion and dismiss this action as frivolous.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

The fee for commencing a non-habeas civil action is $405. The Court may allow a person to proceed *in forma pauperis* upon a showing that he cannot afford to pay the filing fee without foregoing the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); *Diaz-Ojeda v. Toledo*, 54 F.3d 764, 1995 WL 311724, at *1 (1st Cir. May 22, 1995) (per curiam) (not selected for publication) (affirming denial by district court of application to proceed *in forma pauperis* where payment of filing fee would not deprive plaintiff of the necessities of life).

At first glance, Kohute's *in forma pauperis* motion appears to indicate that he cannot afford to pay the fee. In the motion, which Kohute signed under pains of perjury, he represents that he is

without any income (including gifts) or assets. However, he also represents that he is without any monthly expenses, such as housing, transportation, utilities, or other regular monthly expenses. Kohute's apparent lack of any basic living expenses suggests that either he is not forthcoming about his income or that he is receiving support from another source. In the absence of a full picture of Kohute's financial situation, the Court DENIES the motion.

## II.     Dismissal of the Complaint

In the complaint, Kohute alleges that Harvard Law School has discriminated against "students that are in special needs education tutoring classes," and "mak[es] fun of special needs students." Dkt. 1 at 3. Kohute also refers to "teachers bullying students," and "Harvard Law School rejection letters." *Id.* Kohute states, "Don't make fun of me because I'm a special needs student because I'm in GED classes." *Id.* (cleaned up). In his prayer for relief, Kohute asks for an "apology letter stating [Harvard Law School]'s won't make fun of special needs students that apply for Harvard Law School." *Id.* Kohute does not indicate when he applied for Harvard Law School or identify any circumstances of the alleged bullying.

Kohute's complaint is subject to *sua sponte* dismissal because it is frivolous. In legal parlance a claim is "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Examples of claims that lack an arguable basis in fact include those "describing fantastic or delusional scenarios." *Id.* at 328; *see also id.* at 325 (stating that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

A search of the federal courts' Public Access to Court Electronic Records ("PACER"), which is available to the public, shows Kohute has already filed many frivolous lawsuits in federal courts. PACER shows that, since June 2023, Kohute has filed approximately 52 lawsuits in federal

district courts. A sample of these cases shows that Kohute is engaging in recreational litigation. For example, in *Kohute v. Yale Law School*, Kohute sought to hold Yale Law School liable for "expelling students for public intoxication without breathalyzer tests." No. 3:25-cv-00033, Dkt. 1 at 3 (D. Conn Jan. 7, 2025) (cleaned up). He asked for an "[a]pology letter from Yale Law School for students with alcohol addictions." *Id.* The case was dismissed as frivolous. *Kohute v. Yale Law School*, No. 3:25-cv-00033, Dkt. 9 (Apr. 29, 2025). In *Kohute v. Murphy USA Store Cashier*, Kohute alleges that a store cashier was "disrespecting" him by asking for identification when Kohute bought cigarettes. 6:24-cv-00480, Dkt. 1 at 4 (E.D. Tex. Dec. 12, 2024). The court dismissed the case with prejudice for failure to state a claim upon which relief may be granted, and based on Kohute's history of frivolous lawsuits, prohibited him from filing any new lawsuits in the district unless he is represented by counsel. *Kohute v. Murphy USA Store Cashier*, 6:24-cv-00480, Dkt. 6 (Feb. 7, 2025). The same sanction was imposed on him in *Kohute v. Nat'l Rife Ass'n*, No. 6:24-cv-00475, Dkt. 6 at 3 (E.D. Tex. Jan. 29, 2025) (identifying 33 cases that Kohute had filed in that district, none of which "alleged a meritorious claim, and many [were] products of his own delusion").

When viewed in the context of Kohute's litigation history, his dubious and vague claim of being bullied by Harvard Law School is frivolous.

### III. Conclusion

In accordance with the foregoing, the Court hereby orders that the motion for leave to proceed *in forma pauperis* is DENIED and this action is DISMISSED as frivolous.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated: May 12, 2025         Judge, United States District Court